UNITED STATES of America,
Plaintiff—Appellee,

v.

Fernando Alberto VELASQUEZ–
BOSQUE, Defendant—
Appellant.

No. 09–50066.

United States Court of Appeals,
Ninth Circuit.

Argued March 2, 2010.

Submitted April 8, 2010.

Filed April 15, 2010.

Joseph Timothy McNally, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, Michael J. Raphael, Esquire, Assistant U.S., Daniel Benjamin Levin, Assistant U.S., Office of the U.S. Attorney, Davina T. Chen, Assistant Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Plaintiff–Appellee.

Anne Hwang, Assistant Federal Public Defender, Federal Public Defender's Office, Santa Ana, CA, for Defendant–Appellant.

Before: CANBY, GOULD and IKUTA, Circuit Judges.

MEMORANDUM *

*Nieves–Medrano v. Holder,* 590 F.3d 1057 (9th Cir.2010) (order), held that carjacking under California Penal Code section 215 is a categorical crime of violence

under 18 U.S.C. § 16. *Id.* at 1058. Nothing in *Johnson v. United States,* —— U.S. ——, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), is irreconcilable with *Nieves–Medrano,* and therefore this court has no authority to disregard *Nieves–Medrano. See Miller v. Gammie,* 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Velasquez–Bosque's challenge to his conviction under 8 U.S.C. § 1326(b)(2) fails.

As the government concedes, the district court erred in admitting the Wilson Declaration at trial, because such admission was in violation of the Confrontation Clause. *See Melendez–Diaz v. Massachusetts,* —— U.S. ——, ——, 129 S.Ct. 2527, 2532, 174 L.Ed.2d 314 (2009). However, because the declaration was cumulative of Agent Johnston's testimony, that testimony was tested through extensive cross-examination, and there was no evidence to contradict the element for which the declaration was offered, we hold that the error was harmless beyond a reasonable doubt. *See United States v. Larson,* 495 F.3d 1094, 1107–1108 (9th Cir.2007) (en banc). Even though Agent Johnston's testimony did not precisely track the language of 8 U.S.C. § 1326, it was sufficient to constitute evidence of the Attorney General's lack of consent to the "alien's reapplying for admission." *See United States v. Cervantes–Flores,* 421 F.3d 825, 834 (9th Cir.2005) (per curiam).

Last, *Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), forecloses Velasquez–Bosque's challenge to the constitutionality of § 1326(b), including the claim that *Nijhawan v. Holder,* —— U.S. ——, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009), "softened" *Almendarez–Torres's* holding. *Almendarez–Torres* has never

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

been expressly overruled and continues to constitute binding precedent. *See, e.g., United States v. Garcia–Cardenas,* 555 F.3d 1049, 1051 (9th Cir.2009) (per curiam); *United States v. Martinez–Rodriguez,* 472 F.3d 1087, 1093 (9th Cir.2007).[1]

**AFFIRMED.**

---

**1.** We address the government's cross-appeal in a separate opinion filed concurrently with this memorandum disposition.